UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

TERESA OLSTAD AND RONALD OLSTAD,

                        Plaintiffs,

      v.                                                                      Case No. 17-cv-236

CHASE AUTO FINANCE
CORPORATION, TRI STATE
RECOVERY, INC., AND
PRIMERITUS FINANCIAL
SERVICES, INCORPORATED,

                        Defendants.

---

## COMPLAINT

NOW COME Plaintiffs, Teresa Olstad and Ronald Olstad, by and through their attorney, Usman Law Firm, LLC and DeLadurantey Law Office, LLC, and complain of Defendants Chase Auto Finance Corporation, Tri State Recovery, Inc., and Primeritus Financial Services, Inc., and allege to the best of their knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

### INTRODUCTION

### Nature of the Action

1.      This lawsuit arises from the collection attempts of the Defendants.

2.      Causes of Action herein are brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the Wisconsin Consumer Act ("WCA"), Wis. Stat. 421 *et seq*.

## Jurisdiction and Venue

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331, because the case arises under the laws of the United States.

4. This Court also has jurisdiction pursuant to 15 U.S.C. § 1692k(d) as it is an action to enforce liability created by the FDCPA within one year from the date on which the violation occurred.

5. This court has supplemental jurisdiction over the claims arising under the Wisconsin Consumer Act under 28 U.S.C. § 1367, because the Wisconsin Consumer Act claims are related to the FDCPA claims as they arise under the same set of facts, becoming part of the same case or controversy under Article III of the United States Constitution.

6. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(2), because this is where the acts giving rise to the claim occurred.

7. Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction. Defendants are subject to personal jurisdiction in Wisconsin, as the actions giving rise to the lawsuit occurred in Wisconsin.

## Parties

8. Plaintiff Ronald Olstad (hereinafter "Mr. Olstad") is a natural person who resides in the County of Dane, State of Wisconsin.

9. Plaintiff Teresa Olstad (hereinafter "Ms. Olstad") is a natural person who resides in the County of Dane, State of Wisconsin.

10. Mr. Olstad and Ms. Olstad are "consumer(s)" as defined by 15 U.S.C. §1692a(3).

11. Defendant Chase Auto Finance Corporation (hereinafter "Defendant Chase Auto") is a business with a principal place of business at 900 Stewart Avenue, Garden City, NY 11530.

12. Defendant Chase Auto is a "debt collector" as defined by Wis. Stat. § 427.103(3).

13. Defendant Tri State Recovery, Inc. (hereinafter "Defendant Tri State") is a business with a registered agent of Ronald Theisen, 1950 John F. Kennedy Road, Dubuque, IA 52002 and a principal place of business at the same.

14. Defendant Tri State regularly attempts to collect debts owed to others and is a "debt collector" as defined by 15 U.S.C. §1692a(6) and Wis. Stat. § 427.103(3), and regularly uses instrumentality of interstate commerce and mail the principal purpose of which is the enforcement of security interests for the purpose of 15 U.S.C. §1692f(6) as defined by U.S.C. § 1692(a)(6).

15. Defendant Primeritus Financial Services, Inc. (hereinafter "Defendant Primeritus") is a business with a registered agent of Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 with a principal place of business at the same.

16. Defendant Primeritus is a repossession management company that regularly attempts to collect debts owed to others, is a "debt collector" as defined by 15 U.S.C. §1692a(6) and Wis. Stat. § 427.103(3), and regularly uses instrumentality of interstate commerce and mail the principal purpose of which is the enforcement of security interests for the purpose of 15 U.S.C. §1692f(6) as defined by U.S.C. § 1692(a)(6).

17. Defendant Primeritus holds itself out publicly as a national provider of repossession management, skip tracing and remarketing services to the automobile finance industry across the United States for which it receives payment.

18. Defendant Primeritus holds itself out publicly as an outsourced business partner for its lender clients.

19. Defendant Primeritus provides its clients with a dedicated manager that reviews repossession portfolios daily to ensure performance and quality control.

20. Defendant Primeritus retained a local recovery agent in Wisconsin, in this case Defendant Tri State, to repossess Plaintiffs' vehicle, by taking possession of the vehicle without judicial process.

21. Defendant Tri State holds itself out publicly on its website as providing professional automobile repossession services and the best automobile recovery in the tristate area.

22. Defendant Tri State is liable for the acts of its employees, agents, and independent contractors, and those of its subsidiaries and affiliates, under theories of respondeat superior, agency, and vicarious liability.

23. Defendant Primeritus is liable for the acts of its employees, agents, and independent contractors, and those of its subsidiaries and affiliates, under theories of respondeat superior, agency, and vicarious liability.

24. Defendant Chase Auto is liable for the acts of Defendant Tri State and its employees, agents, and independent contractors, and those of its subsidiaries and affiliates, under theories of respondeat superior, agency, and vicarious liability.

25. Defendant Chase Auto is liable for the acts of Defendant Primeritus and its employees, agents, and independent contractors, and those of its subsidiaries and affiliates, under theories of respondeat superior, agency, and vicarious liability.

## BACKGROUND

26. On or about April 23, 2014, Mr. and Ms. Olstad purchased a 2004 Ford Explorer (hereinafter "vehicle"), VIN number 1FMZU73W74UB18576.

27. Mr. and Ms. Olstad financed said purchase in the amount of $9,147.95 with Chase Auto.

28. On or about June 2014, Mr. and Ms. Olstad fell behind on their vehicle payments to Defendant Chase Auto.

29. On or about March 2016, Chase Auto agreed to accept $6,000 to satisfy the remainder of the loan for the vehicle.

30. On or about May 2, 2016, Mr. and Ms. Olstad sent check number 50216 in the amount of $6,000 to Chase Auto in order to satisfy the vehicle loan.

31. On or about May 5, 2016, Mr. and Ms. Olstad received a letter from Chase Auto acknowledging receipt of the $6,000 final settlement payment for the vehicle.

32. On or about May 19, 2016, Mr. and Ms. Olstad received a letter from Chase Auto stating that the lien for the vehicle had been released electronically and the title for the vehicle would be sent to them from the Wisconsin Department of Transportation.

33. Defendant Chase Auto retained the services of Defendant Primeritus in order to repossess the vehicle.

34. Defendant Primeritus retained the services of Defendant Tri State in order to repossess the vehicle.

35. In the afternoon of May 26, 2016, Defendant Tri State went to Ms. Olstad's place of work, Wisconsin Mutual Insurance Company, located at 8201 Excelsior Drive, Madison, Wisconsin in order to repossess the vehicle.

36. Shortly after arriving at Ms. Olstad's place of work, Frank from Tri State entered the parking lot in order to repossess Mr. and Ms. Olstad's vehicle.

37. Ms. Olstad was busy working when her manager informed her that her vehicle was being towed.

38. The lunchroom at Ms. Olstad's place of employment overlooks the parking lot. Many of Ms. Olstad's co-workers watched her car get repossessed. Ms. Olstad suffered extreme embarrassment, anxiety, and humiliation as a result of her vehicle being illegally repossessed.

39. Shortly after taking the vehicle, Frank called Ms. Olstad to let her know there was medication in the vehicle that she should retrieve.

40. Ms. Olstad contacted Mr. Olstad, who was at a doctor's appointment, in order to inform him of the illegal taking of their vehicle and the need to retrieve the medication from Frank.

41. Mr. Olstad left his doctor's appointment early and contacted Frank.

42. Mr. Olstad and Frank agreed to meet in a parking lot near Ms. Olstad's place of employment. Mr. Olstad's brother-in-law drove Mr. Olstad to the parking lot.

43. Upon arriving at the designated meeting place, Mr. Olstad showed Frank the letter from Defendant Chase Auto stating that the vehicle had been paid off and the loan had been satisfied.

44. Frank read the letter and contacted Defendant Primeritus. Frank told Defendant Primeritus about the lien release letter which stated that the vehicle was paid off.

6

45. Defendant Primeritus stated that Frank should continue with the repossession, regardless of the lien release letter.

46. Frank suggested going to a Chase Bank branch location to try and sort things out.

47. Frank followed Mr. Olstad to the nearest Chase Bank branch location, located at 602 N. High Point Road, Madison, Wisconsin. Upon arriving, Frank went inside the bank with Mr. Olstad.

48. Frank and Mr. Olstad met with the bank branch manager, Chad Welwood, and another, unknown Chase Bank employee, for over an hour.

49. The branch manager made several telephone calls and investigated records on his computer. The meeting concluded with the branch manager stating that the vehicle had been paid off but that it was too late to stop the repossession of the vehicle.

50. The branch manager stated that the Chase repossession committee had to release the vehicle before Mr. and Ms. Olstad could get it back.

51. The branch manager for Chase Bank directed Frank to proceed with repossessing the vehicle.

52. The repossessed vehicle was Mr. and Ms. Olstad's only vehicle. Mr. Olstad asked Defendant Chase Auto for a rental car. A rental car was not provided.

53. Mr. Olstad's brother-in-law had to drive Mr. Olstad home from the bank.

54. Due to the illegal repossession of her vehicle on Thursday, May 26, 2016, Ms. Olstad had to ask a friend to pick her up from work and drive her home that evening.

55. Ms. Olstad did not have a way to get to work on Friday, May 27, 2016. Ms. Olstad's friend had to take her to work, and drive her home in the evening.

56. Mr. and Ms. Olstad were unable to leave their home on Saturday or Sunday, May 28 and 29, 2016 due to not having a vehicle.

57. On or about May 27, 2016, Defendant Chase Auto called Mr. and Ms. Olstad and stated that the repossession committee had decided to return their vehicle. Defendant Chase Auto stated the vehicle would be available to be picked up in Hazel Green, Wisconsin.

58. Hazel Green, Wisconsin is over 80 miles away from Madison.

59. Mr. Olstad told Defendant Chase Auto that he had no way of traveling over 80 miles to retrieve the vehicle. Mr. Olstad again requested a rental vehicle so he could drive and get the vehicle.

60. Defendant Chase Auto again did not provide a rental vehicle.

61. Defendant Chase Auto stated that they would arrange for the vehicle to be brought to Mr. and Ms. Olstad.

62. On or about May 29, 2016, an employee from Defendant Tri State called Mr. and Ms. Olstad to let them know he would be coming to the Madison area and could bring their vehicle back to them soon.

63. An employee from Defendant Tri State delivered Mr. and Ms. Olstad's vehicle back to them on Sunday evening, May 29, 2016.

64. The vehicle had a full tank of gasoline when it was taken on or about May 26, 2016 but was returned with an empty tank of gasoline on or about May 29, 2016.

65. Tri State was operating within the course and scope of their employment by Chase Auto while repossessing the vehicle and Chase Auto is responsible for Tri State's actions.

66. Tri State was operating within the course and scope of their employment by Primeritus while repossessing the vehicle and Primeritus is responsible for Tri State's action.

8

67. Tri State was performing services that contain a non-delegable duty that flows to Chase Auto and Primeritus related to the repossession of vehicles.

68. Chase Auto, Tri State, and Primeritus breached the peace while repossessing Mr. and Ms. Olstad's vehicle.

69. As a result of Chase Auto, Tri State, and Primeritus's conduct, Mr. and Ms. Olstad suffered extreme embarrassment, anxiety, fear, shame, and distress, as well as being deprived of their vehicle.

70. Defendants Chase Auto, Tri State, and Primeritus acted maliciously toward Mr. and Ms. Olstad and intentionally disregarded the rights of Mr. and Ms. Olstad.

**Count 1 – Violation of the Fair Debt Collection Practices Act – Defendants Tri State and Primeritus**

71. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

72. The foregoing deliberate acts by Defendants Tri State and Primeritus constitute violations of the FDCPA, including but not limited to 15 U.S.C. § 1692f(6).

73. Specifically, Defendants Tri State and Primeritus could not legally take the vehicle due to the vehicle having been paid off and Defendant Chase Auto having released the lien.

74. As a result of the above violations of the FDCPA, Mr. and Ms. Olstad suffered emotional distress and loss of property, constituting actual damages pursuant to 15 U.S.C. §1692k(a)(1).

75. Defendants Tri State and Primeritus are liable to Plaintiffs for their actual damages, statutory damages, and costs and attorneys' fees, as provided by 15 U.S.C. § 1692k.

9

## Count 2 – Violations of the Wisconsin Consumer Act
## (Wis. Stat. § 425.206), as to Defendants Chase Auto, Tri State, and Primeritus

76. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

77. Repossessions are governed by Wis. Stat. § 425.206(2), which states, "In taking possession of collateral or leased goods, no merchant may do any of the following: (a) Commit a breach of the peace. (b) Enter a dwelling used by the customer as a residence except at the voluntary request of a customer."

78. A breach of the peace occurred when Tri State repossessed Mr. and Ms. Olstad's vehicle with no present right to repossess said vehicle.

79. A breach of the peace occurs when the property is taken over the objection of the debtor. *Hollibush v. Ford Motor Credit Co.*, 508 N.W.2d 449 (WI Ct. App. 1993).

80. A breach of the peace occurred when the vehicle was taken after Mr. and Ms. Olstad protested its taking.

81. A breach of peace occurred when the vehicle was taken after Mr. and Ms. Olstad showed evidence that they had paid off the loan on the vehicle and Chase Auto had already released the lien on the vehicle.

82. Additionally, since there was no amount owed on the vehicle, there could be no default and no right for the Defendants to repossess the vehicle. Therefore, any taking of the vehicle, protest notwithstanding, is in violation of Wis. Stat. § 425.

83. Under Wis. Stat. § 425, Mr. and Ms. Olstad are seeking the return of payments already made towards the vehicle and seeking reimbursement of attorney fees and costs.

84. As a result of the illegal conduct, Mr. and Ms. Olstad have suffered emotional distress, mental anguish, and loss of property.

85. The Defendants are liable to Mr. and Ms. Olstad for actual damages, statutory damages, actual costs, and attorneys' fees, under Wis. Stat. §§ 425.305 and 425.308.

## Count 3 – Violations of the Wisconsin Consumer Act
### (Wis. Stat. 427), as to Defendants Chase Auto, Tri State and Primeritus

86. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

87. The amount that Defendants Chase Auto, Tri State, and Primeritus were attempting to collect constitutes a "claim" as that term is defined at Wis. Stat. § 427.103(1).

88. Defendants Chase Auto, Tri State, and Primeritus's conduct violated Wis. Stat. § 427.104(1)(h) in that the conduct as described herein could reasonably be expected to harass a person since they had no right to repossess Mr. and Ms. Olstad's vehicle.

89. Defendants Chase Auto, Tri State, and Primeritus's conduct violated Wis. Stat. § 427.104(1)(j) in that they did not have a right to repossess the vehicle because they knew that Mr. and Ms. Olstad had satisfied the loan on the vehicle and Chase Auto had released the lien on the vehicle.

90. As a result of the illegal conduct, Mr. and Ms. Olstad have suffered emotional distress, mental anguish, and loss of property.

91. The Defendants are liable to Mr. and Ms. Olstad for actual damages, statutory damages, punitive damages (if the evidence at trial so warrants to show defendants acted maliciously toward Mr. and Ms. Olstad or in an intentional disregard of the rights of Mr. and Ms. Olstad), actual costs, and attorneys' fees, under Wis. Stat. §§ 427.105 and 425.308.

## Count 4 – Conversion
### as to Defendants Chase Auto, Tri State, and Primeritus

92. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

93. At all times herein mentioned, and in particular on or about May 26, 2016, Plaintiffs were, and still are, entitled to the possession of the vehicle.

94. On or about May 26, 2016, Defendants Chase Auto, Tri State, and Primeritus took the vehicle from Plaintiff's possession and converted the same to their own use.

95. On or about May 26, 2016, Plaintiffs demanded the immediate return of the vehicle but Defendants Chase Auto, Tri State, and Primeritus failed and refused to return the vehicle to Plaintiffs.

96. Pursuant to the established business practices established and implemented by Defendants Chase Auto, Tri State, and Primeritus, without right or justification, Defendants took possession, dominion, and/or control of Plaintiffs' vehicle and denied Plaintiffs' use and quiet enjoyment thereof and withheld and refused to return it.

97. At the time of the conversion, Defendants Chase Auto, Tri State, and Primeritus had been made aware of Plaintiff's clear legal ownership and right to possession of the vehicle.

98. As a result of Defendants Chase Auto, Tri State, and Primeritus' misconduct, the Plaintiffs were deprived of the use and enjoyment of the vehicle, incurred costs and expenses for finding alternative means of transportation, incurred inconveniences and frustration, humiliation, suffered extreme anxiety, and incurred costs and expenses related to the vehicles wear and tear from Defendants' use of said vehicle and justify the awarding of punitive damages.

99. Defendants Chase Auto, Tri State, and Primeritus actions included fraud, ill will, malice, recklessness, wantonness, oppression, insult, willfulness, and/or conscious disregard of the Plaintiff's rights and justify the awarding of exemplary and punitive damages.

## Trial by Jury

100. Plaintiffs are entitled to, and hereby respectfully demand, a trial by jury on all issues.

WHEREFORE, Mr. and Ms. Olstad pray that this Court will enter judgment against the Defendants as follows:

A. for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against Defendant Tri State and Primeritus;

B. for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant Tri State and Primeritus;

C. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant Tri State and Primeritus;

D. for the return of payments already made towards the car, and an award of attorney fees and costs under Wis. Stat. § 425;

E. for an award of actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorneys' fees, under Wis. Stat. §§ 427.105 and 425.308 against Defendants Chase Auto, Tri State, and Primeritus;

F. for an award of actual damages due to the loss of use and value of the vehicle resulting from the Defendant's conversion;

G. for an award of actual damages due to the unauthorized use of the vehicle, including wear and tear resulting from the Defendant's conversion;

H. for damages for time and money properly expended in pursuit of the converted vehicle;

I. for punitive and exemplary damages resulting from the Defendant's conversion; and

J. for such other and further relief as may be just and proper.

Dated March 24, 2017.

s/ Heidi N. Miller
Nathan E. DeLadurantey, 1063937
Heidi N. Miller, 1087696
DELADURANTEY LAW OFFICE, LLC
330 S. Executive Drive, Suite 109
Brookfield, WI 53005
(414) 377-0515; (414) 755-0860 - Fax
E: nathan@dela-law.com
E: heidi@dela-law.com

Zeshan Usman, WI Bar #1069404
Kirsten Usman, FL Bar #28581
USMAN LAW FIRM, LLC
525 Junction Rd., Ste. 8520N
Madison, WI 53717
(608) 829-1112; (888) 876-2636 - Fax
E: Z@UsmanLaw.com
E: Kirsten@UsmanLaw.com

*Attorneys for Plaintiffs*

# VERIFICATION OF COMPLAINT AND CERTIFICATION

Plaintiffs TERESA OLSTAD and RONALD OLSTAD, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
Teresa Olstad

_____
Ron Olstad