IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TERESA OLSTAD and RONALD OLSTAD,

            Plaintiffs,

v.

CHASE AUTO FINANCE CORPORATION,
TRI STATE RECOVERY, INC., and
PRIMERITUS FINANCIAL SERVICES,
INCORPORATED,

            Defendants.

OPINION AND ORDER

17-cv-236-wmc

Plaintiffs Teresa and Ronald Olstad assert claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and Wisconsin state law claims based on defendants Chase Auto Finance Corporation, Tri State Recovery, Inc., and Primeritus Financial Services Incorporated's alleged illegal repossession of the Olstads' vehicle. Before the court is defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) or to stay this action and compel arbitration. (Dkt. #25.) For the reasons that follow, the court will grant the motion, require plaintiffs to arbitrate their claims, and dismiss this complaint without prejudice to any party filing a new lawsuit to seek confirmation of or challenge the arbitrators' decision.

## ALLEGATIONS OF FACT[1]

### A. Terms of Car Loan

On or about April 23, 2014, the Olstads purchased a 2004 Ford Explorer. The Olstads financed the purchase in the amount of $9,147.95 with defendant Chase Auto. In support of its motion, defendants provide the Retail Installment Contract between Chase and the Olstads that is referenced in the complaint (the "Contract"). (Kirsling Decl., Ex. A (dkt. #26).)[2]

Material to the present motion, that contract contains the following Arbitration Clause in pertinent part:

> **AGREEMENT TO ARBITRATE DISPUTES**
>
> **The following Arbitration Agreement can significantly affect your rights in any dispute with us. Please read it carefully before signing this Contract:**
>
> 1. IF EITHER OF US CHOOSES, ANY CLAIM OR DISPUTE BETWEEN US (AS DEFINED BELOW) WILL BE DECIDED BY ARBITRATION AND NOT IN COURT OR BY A JURY TRIAL.
> . . .
> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this clause and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arise out of or relate to your credit application, this

---

[1] In resolving a 12(b)(3) motion, "the district court assumes the truth of the allegations in the plaintiff's complaint, *unless* contradicted by the defendant's affidavits." *Deb v. SIRVA, Inc.*, 832 F.3d 800, 809 (7th Cir. 2016).

[2] The court may consider the contract because it is referenced in the complaint and central to plaintiffs' allegations. *See Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012); *see also Deb*, 832 F.3d at 809 ("Rule 12(b)(3) is a somewhat unique context of dismissal in that the court may look beyond the mere allegations of a complaint, and need not view the allegations of the complaint as the exclusive basis for its decision.").

>     Contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this Contract) shall, at your or our election, be resolved by neutral, binding arbitration and not be a court action.

(*Id.* at p.3.)

### B. Repossession of Car

On or about June 2014 (two months after the vehicle purchase), the Olstads fell behind on their payments to Chase Auto. Despite payment issues, Chase Auto eventually agreed in March 2016 to accept $6,000 to satisfy the remainder of the loan. By May 2, the Olstads had sent a check in that amount to Chase Auto, which it acknowledged receiving as final settlement payment on May 5. "At the time the payment was accepted," plaintiffs allege the contract between the Olstads and Chase Auto was "completed." (Am. Compl. (dkt. #24) ¶ 32.) Moreover, on May 19, the Olstads received a letter from Chase Auto stating that the lien for the vehicle had been released electronically, and that the title would be sent to the Olstads from the Wisconsin Department of Transportation. Instead, Chase Auto apparently proceeded to retain the services of defendant Primeritus, who, in turn, retained the services of Tri State in order to repossess the Olstads' vehicle.

On May 26, 2016, Tri State repossessed plaintiffs' vehicle, although the vehicle was returned three days later. Plaintiffs allege that both Tri State and Primeritus were acting as Chase Auto's agents in repossessing the vehicle. (Am. Compl. (dkt. #24) ¶¶ 22-25.) Plaintiffs allege a variety of injuries as a result of the repossession.

### C. Claims Asserted

In their first amended complaint, plaintiffs allege claims for: (1) violation of the FDCPA, 15 U.S.C. § 1692f(6), against defendants Tri State and Primeritus for illegally taking the vehicle; (2) violations of the Wisconsin Consumer Act, Wis. Stat. § 245.206, against all three defendants for committing a breach of the peace in wrongfully repossessing the car; (3) violations of the Wisconsin Consumer Act, Wis. Stat. § 427.104, against all three defendants for repossessing a vehicle for which they had no right; and (4) for wrongful conversion of a vehicle against all three defendants.

OPINION

Defendants contend that this court should enforce the Retail Installment Contract's Arbitration Clause and either (1) dismiss this case for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) or (2) at minimum, stay the case pending its completion. *See, e.g.*, *Jackson v. Payday Fin., LLC*, 764 F.3d 765, 773 (7th Cir. 2014) ("An agreement to arbitrate is a type of forum selection clause."); *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 807 (7th Cir. 2011) (explaining that a motion to compel arbitration is properly raised under Rule 12(b)(3)).

The Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, governs the arbitration provision in the Contract. Specifically, the Act provides that a written agreement to arbitrate a dispute arising out of a contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; *see also Kiefer Specialty Flooring, Inc. v. Tarkett, Inc.*, 174 F.3d 907, 909 (7th Cir. 1999) ("The Supreme Court has explained that the FAA 'establishes that, as a matter of federal

law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983))).

In response to defendants' motion to compel arbitration, plaintiffs' *sole* argument is that their conversion claim is not covered by the arbitration clause. In particular, plaintiffs contend that the conversion claim does not "arise [out of] or relate" to their credit application, the Contract, or the resulting transactions or relationships (including any such relationship with third parties who do not sign this Contract). (Pls.' Opp'n (dkt. #27) 3.) Plaintiffs further contend that this court should, therefore, retain the entire case "in the interests of judicial economy," or, in the alternative, bifurcate the claims, allowing the conversion claim to continue in this court, while compelling arbitration with respect to the other claims. (*Id.* at 4.)

In light of the breadth of the arbitration provision, specifically that it covers events post-termination of the contract, and the fact that *all* of the claims turn on whether defendants had a right to repossess the vehicle under the Contract, plaintiffs' argument that the conversion claim is not covered by the contract appears to be without merit.[3] The court, however, need not resolve this issue, because as defendants point out

---

[3] While the Contract is solely between Chase Auto and the Olstads, The arbitration provision applies to "third-parties who do not sign this Contract." *See In re Oil Spill v. the Amoco Cadiz*, 659 F.2d 789, 796 (7th Cir. 1981) (holding that nonsignatories to the arbitration agreement were bound by it as it would "advance neither judicial economy nor the purposes of the federal arbitration act to . . . allow it to disavow the relationship for purposes of arbitration, or to allow [plaintiff] to defeat the effect of an arbitration agreement by joining a non-signatory"). As already noted, the Olstads allege that Primeritus and Tri State were acting as Chase Auto's agents in repossessing their vehicle. Regardless, plaintiffs effectively concede this point by offering no response in their opposition to defendants' contention that plaintiffs' claims against Primeritus and Tri State are also subject to arbitration.

in their reply, plaintiffs have conceded that the Arbitration Clause is enforceable as to the parties' claims, save one. Moreover, the Arbitration Clause states that the *arbitrator* will decide the "gateway" issue of arbitrability. (Kirsling Decl., Ex. A (dkt. #26-1) p.3 (providing that any claim or dispute including "the scope of this clause and arbitrability of the claim or dispute" is for the arbitrator). As a result, even plaintiffs' basis for opposing arbitration -- the arbitrability of their conversation claim -- is in the first instance for the arbitrator *See Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010) (holding that parties can agree to arbitrate "gateway" questions of arbitrability); *Grasty v. Colo. Tech. Univ.*, 599 Fed. Appx. 596, 598 (7th Cir. 2015) ("[W]e must enforce the parties' agreement to arbitrate 'gateway' questions about arbitrability of claims and the scope of the arbitration agreement." (citation omitted)).

Since arbitration is required, the only remaining question is whether the court should stay this action pending resolution of arbitration or dismiss it, without prejudice to plaintiffs refiling. The Federal Arbitration Act instructs a court to stay trial of an action "until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3 (2012). For this reason, the Seventh Circuit also generally counsels to "stay the proceedings rather than to dismiss outright." *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 561 (7th Cir. 2008) (citations omitted). When all of the claims raised in a lawsuit are subject to arbitration, however, courts have recognized an exception to this general rule. *See Employers Ins. of Wausau v. Cont'l Cas. Co.*, No. 15-CV-226-WMC, 2016 WL 632642, at *3 (W.D. Wis. Feb. 17, 2016) (citing cases). "In that event, a dismissal is appropriate because there is nothing 'for the court to decide

unless and until a party seeks confirmation of or challenges the arbitrators' award.'" *Id.* (quoting *Bryant v. Fulgham*, No. 12-C-823, 2012 WL 1802150, *7 (N.D. Ill. May 17, 2012)). This case is something of a hybrid, since it is possible, if unlikely, that the arbitrator may find that plaintiffs' conversation claim is not arbitrable. Accordingly, the court will stay this lawsuit pending further ruling in arbitration. Of course, nothing in this opinion is intended to bind the arbitrator's independent judgment as to the arbitratibility of all claims, much less the merits of plaintiffs' claims as a whole, particularly given the curious case of a three-day repossession.

ORDER

IT IS ORDERED that:

1) Defendants' motion to dismiss or stay this action and compel arbitration (dkt. #25) is GRANTED.

2) Plaintiffs shall have 90 days to initiate arbitration proceedings of their claims in this case, including the arbitrability of their conversion claim.

3) This case is STAYED pending further proceedings in arbitration.

Entered this 22nd day of January, 2018.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge